Alex L. Fugazzi, Esq. (Nevada Bar No. 9022)
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
Telephone: 702.784.5200
Facsimile: 702.784.5252
Email: afugazzi@swlaw.com

Douglas C. Rawles (*Admitted pro hac vice*)
Raffi Kassabian (*Admitted pro hac vice*)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071
Tel. (213) 457-8000
Fax. (213) 457-8080
Email: drawles@reedsmith.com
      rkassabian@reedsmith.com

*Attorneys for Defendant*
*Nevada Property 1 LLC d/b/a*
*the Cosmopolitan of Las Vegas*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| CHARLES BOWES, an individual; and DAVID KAMSLER, an individual; on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NEVADA PROPERTY 1 LLC, a Delaware limited liability company d/b/a The Cosmopolitan of Las Vegas,<br><br>Defendant. | Case No.: 2:17-cv-02913-GMN-VCF<br><br>**STIPULATION AND ORDER TO EXTEND DEADLINE FOR DEFENDANT TO RESPOND TO THE COMPLAINT**<br><br>(SECOND REQUEST) |

On November 20, 2017, Charles Bowes, David Kamsler and numerous other plaintiffs (collectively, "Plaintiffs") filed the instant case against Nevada Property 1 LLC d/b/a the Cosmopolitan of Las Vegas (the "Cosmopolitan") alleging multiple causes of action premised on alleged violations of the Internet Tax Freedom Act ("ITFA") and the Clark County Transient Lodging Tax ("Transient Lodging Tax"). Relatedly, counsel for Plaintiffs filed the following nine additional lawsuits (the "Related Lawsuits") in this District Court:

- *Cabral et al. v. Caesars Entertainment Corporation et al.*, Case No. 2:17-cv-02841-APG-VCF (filed on November 10, 2017);
- *Martinez et al. v. Las Vegas Sands Corp. et al.*, Case No. 2:17-cv-02859-APG-NJK (filed on November 14, 2017);
- *Schnitzer et al. v. Wynn Resorts, Ltd. et al.*, Case No. 2:17-cv-02868-RFB-GWF (filed on November 15, 2017);
- *Phelps et al. v. MGM Resorts International et al.*, Case No. 2:17-cv-02848-APG-CWH (filed on November 13, 2017);
- *Chapman v. Penn National Gaming, Inc. et al.*, Case No. 2:17-cv-02924-GMN-PAL (filed on November 21, 2017);
- *Shapiro v. Treasure Island, LLC*, Case No. 2:17-cv-02930-APG-CWH (filed on November 22, 2017);
- *Inman v. Las Vegas Resort Holdings, LLC*, Case No. 2:17-cv-02950-JAD-NJK (filed on November 28, 2017);
- *DiNino v. Four Seasons Hotels Inc.*, Case No. 2:17-cv-2961-JAD-GWF (filed on November 29, 2017); and
- *Robinson v. Westgate Resorts Inc.*, Case No. 2:18-cv-95 (before Judge Dorsey) (filed on January 17, 2018).

Each of the lawsuits filed by counsel for Plaintiffs, including the instant case (collectively, the "Resort Fee Lawsuits"), contains virtually identical allegations and requests for relief. Each case will also likely involve a similar determination of whether the adjudicating court has subject matter jurisdiction over the action. Federal Rule of Civil Procedure 42 allows for the

consolidation of multiple cases for the limited purpose of resolving common questions of law, including a determination of subject matter jurisdiction. *See* Fed. R. Civ. 42(a)(1); *see also Beddoe v. United States*, 1993 WL 134827, at *1 (E.D. Cal. Feb. 2, 1993) (consolidating cases under Rule 42(a) for the purpose of evaluating subject matter jurisdiction).

In an effort to avoid duplicative legal briefing and to efficiently address the common issue of subject matter jurisdiction, the parties to the Resort Fee Lawsuits have entered into a separate agreement (the "Agreement"), attached hereto as **Exhibit 1**. The purpose of the Agreement is to consolidate the issue of subject matter jurisdiction and file a single motion on that issue in the first filed case before Judge Gordon, specifically: *Cabral et al. v. Caesars Entertainment Corporation et al.*, Case No. 2:17-cv-02841-APG-VCF (the "Caesars Case"). In order to address the issue of subject matter jurisdiction in an efficient manner, the Agreement sets forth that the defendants to the Resort Fee Lawsuits shall coordinate to present a single motion to dismiss on the basis of subject matter jurisdiction (the "Subject Matter Jurisdiction Motion") that will be filed by the Caesars entities in the Caesars Case. Additionally, the parties in the Resort Fee Lawsuits that are presently before Judge Gordon also agreed to consolidate their respective cases for the purpose of allowing Judge Gordon to decide the issue of subject matter jurisdiction in one consolidated brief.

On February 22, 2018, Judge Gordon entered an order granting the stipulations in the cases before him, staying all deadlines and consolidating the cases already assigned to him solely for the purpose of ruling on the Subject Matter Jurisdiction Motion. [Dkt. # 21].

For judicial efficiency, the parties in all other cases, including the Plaintiffs herein, met and conferred and collectively agreed to stay their respective cases pending guidance on the Subject Matter Jurisdiction Motion in the Caesars Case, recognizing that any order entered in the Caesars Case is discretionary and not binding on this Court.

Pursuant to that Agreement, Plaintiffs and the Cosmopolitan, by and through their undersigned counsel, HEREBY STIPULATE that:

1. The current deadline of February 26, 2018 for the Cosmopolitan to file a response to Plaintiffs' Complaint (ECF No. 1) shall be extended to 30 days from the date that the Court in the Caesars Case issues a final ruling on the Subject Matter Jurisdiction Motion;

2. If Judge Gordon grants the Subject Matter Jurisdiction Motion, then Plaintiffs will either voluntarily dismiss their Complaint in this case or should Plaintiffs choose to appeal Judge Gordon's order, then Plaintiffs will request a stay in this case pending the resolution of their appeal and if the appeal is resolved such that there is no federal jurisdiction, then Plaintiffs will dismiss the Complaint without prejudice; and

3. If Judge Gordon denies the Subject Matter Jurisdiction Motion, then the Cosmopolitan will not re-file the Subject Matter Jurisdiction Motion in this case.

These stipulations are made in agreement between Plaintiffs and the Cosmopolitan and are warranted because they conserve judicial and party resources by allowing for an efficient determination of common issues of law that exist in multiple related lawsuits. Plaintiffs reserve all rights to seek coordination or consolidation with respect to issues other than subject matter jurisdiction at a later date. Pursuant to the Agreement, filing of the Subject Matter Jurisdiction Motion does not constitute a waiver of any defense or argument and shall not preclude the Cosmopolitan from asserting any additional defenses or arguments at a later date, including,

///

///

///

without limitation, any defenses or motions permitted by Federal Rule of Civil Procedure 12(b) or a motion to compel arbitration.

Dated: February 26, 2018

WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN

*/s/ Don Springmeyer*
Don Springmeyer (NV Bar. 1021)
Bradley Schrager (NV Bar 10217)
3556 E. Russell Road, 2nd Floor
Las Vegas, NV 89120-2234

R. Bryant McCulley (admitted *pro hac vice*)
McCULLEY McCLUER PLLC
1022 Carolina Blvd., Suite 300
Charleston, SC 29451

Joshua T. Ripley (admitted *pro hac vice*)
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103

*Attorneys for Plaintiffs*
*Charles Bowes and David Kamsler*

Dated: February 26, 2018

SNELL & WILMER L.L.P.

*/s/ Alex L. Fugazzi*
Alex L. Fugazzi (NV Bar No. 9022)
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169

Douglas C. Rawles (admitted *pro hac vice*)
Raffi Kassabian (admitted *pro hac vice*)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071

*Attorneys for Defendant*
*Nevada Property 1 LLC d/b/a*
*the Cosmopolitan of Las Vegas*

IT IS SO ORDERED.

Dated: 2-26-2018

UNITED STATES MAGISTRATE JUDGE

IT IS HEREBY ORDERED that a status hearing is scheduled for 11:00 AM, August 22, 2018, in Courtroom 3D.

4839-8274-1598

- 5 -