Alex L. Fugazzi, Esq. (Nevada Bar No. 9022)
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
Telephone: 702.784.5200
Facsimile: 702.784.5252
Email: afugazzi@swlaw.com

Douglas C. Rawles (*Admitted pro hac vice*)
Raffi Kassabian (*Admitted pro hac vice*)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071
Tel. (213) 457-8000
Fax. (213) 457-8080
Email: drawles@reedsmith.com
        rkassabian@reedsmith.com

*Attorneys for Defendant*
*Nevada Property 1 LLC d/b/a*
*the Cosmopolitan of Las Vegas*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

CHARLES BOWES, an individual; and
DAVID KAMSLER, an individual; on behalf
of themselves and all others similarly situated,

    Plaintiffs,

v.

NEVADA PROPERTY 1 LLC, a Delaware
limited liability company d/b/a The
Cosmopolitan of Las Vegas,

    Defendant.

Case No.:   2:17-cv-02913-GMN-VCF

**STIPULATION AND ORDER TO
CONTINUE RESPONSE DATE TO
PLAINTIFFS' MOTION TO
CONSOLIDATE [ECF NO. 4]**

(SECOND REQUEST)

On November 20, 2017, Charles Bowes, David Kamsler and numerous other plaintiffs (collectively, "Plaintiffs") filed the instant case against Nevada Property 1 LLC   d/b/a the Cosmopolitan of Las Vegas (the "Cosmopolitan") alleging multiple causes of action premised on alleged violations of the Internet Tax Freedom Act ("ITFA") and the Clark County Transient Lodging Tax ("Transient Lodging Tax").   Relatedly, counsel for Plaintiffs filed the following nine additional lawsuits (the "Related Lawsuits") in this District Court:

- *Cabral et al. v. Caesars Entertainment Corporation et al.*, Case No. 2:17-cv-02841-APG-VCF (filed on November 10, 2017);

- *Martinez et al. v. Las Vegas Sands Corp. et al.*, Case No. 2:17-cv-02859-APG-NJK (filed on November 14, 2017);

- *Schnitzer et al. v. Wynn Resorts, Ltd. et al.*, Case No. 2:17-cv-02868-RFB-GWF (filed on November 15, 2017);

- *Phelps et al. v. MGM Resorts International et al.*, Case No. 2:17-cv-02848-APG-CWH  (filed on November 13, 2017);

- *Chapman v. Penn National Gaming, Inc. et al.*, Case No. 2:17-cv-02924-GMN-PAL (filed on November 21, 2017);

- *Shapiro v. Treasure Island, LLC*, Case No. 2:17-cv-02930-APG-CWH (filed on November 22, 2017);

-  *Inman v. Las Vegas Resort Holdings, LLC*, Case No. 2:17-cv-02950-JAD-NJK (filed on November 28, 2017);

- *DiNino v. Four Seasons Hotels Inc.*, Case No. 2:17-cv-2961-JAD-GWF (filed on November 29, 2017); and

- *Robinson v. Westgate Resorts Inc.*, Case No. 2:18-cv-95 (before Judge Dorsey) (filed on January 17, 2018).

Each of the lawsuits filed by counsel for Plaintiffs, including the instant case (collectively, the "Resort Fee Lawsuits"), contains virtually identical allegations and requests for relief.  Each case will also likely involve a similar determination of whether the adjudicating court has subject matter jurisdiction over the action.   Federal Rule of Civil Procedure 42 allows for the

consolidation of multiple cases for the limited purpose of resolving common questions of law, including a determination of subject matter jurisdiction. *See* Fed. R. Civ. 42(a)(1); *see also Beddoe v. United States*, 1993 WL 134827, at *1 (E.D. Cal. Feb. 2, 1993) (consolidating cases under Rule 42(a) for the purpose of evaluating subject matter jurisdiction).

In an effort to avoid duplicative legal briefing and to efficiently address the common issue of subject matter jurisdiction, the parties to the Resort Fee Lawsuits have entered into a separate agreement (the "Agreement"), attached hereto as **Exhibit 1**. The purpose of the Agreement is to consolidate the issue of subject matter jurisdiction and file a single motion on that issue in the first filed case before Judge Gordon, specifically: *Cabral et al. v. Caesars Entertainment Corporation et al.*, Case No. 2:17-cv-02841-APG-VCF (the "Caesars Case"). In order to address the issue of subject matter jurisdiction in an efficient manner, the Agreement sets forth that the defendants to the Resort Fee Lawsuits shall coordinate to present a single motion to dismiss on the basis of subject matter jurisdiction (the "Subject Matter Jurisdiction Motion") that will be filed by the Caesars entities in the Caesars Case. Additionally, the parties in the Resort Fee Lawsuits that are presently before Judge Gordon also agreed to consolidate their respective cases for the purpose of allowing Judge Gordon to decide the issue of subject matter jurisdiction in one consolidated brief.

On February 22, 2018, Judge Gordon entered an order granting the stipulations in the cases before him, staying all deadlines and consolidating the cases already assigned to him solely for the purpose of ruling on the Subject Matter Jurisdiction Motion. [Dkt. # 21].

For judicial efficiency, the parties in all other cases, including the Plaintiffs herein, met and conferred and collectively agreed to stay their respective cases pending guidance on the Subject Matter Jurisdiction Motion in the Caesars Case, recognizing that any order entered in the Caesars Case is discretionary and not binding on this Court.

Pursuant to that Agreement, Plaintiffs and the Cosmopolitan, by and through their undersigned counsel, HEREBY STIPULATE that:

Snell & Wilmer

L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

1. The Cosmopolitan's deadline to file a response to Plaintiffs' Motion to Consolidate (ECF No. 4) shall be extended to 30 days from the date that the Court in the Caesars Case issues a final ruling on the Subject Matter Jurisdiction Motion.

2. If Judge Gordon grants the Subject Matter Jurisdiction Motion, then Plaintiffs will either voluntarily dismiss their Complaint in this case or should Plaintiffs choose to appeal Judge Gordon's order, then Plaintiffs will request a stay in this case pending the resolution of their appeal and if the appeal is resolved such that there is no federal jurisdiction, then Plaintiffs will dismiss the Complaint without prejudice; and

3. If Judge Gordon denies the Subject Matter Jurisdiction Motion, then the Cosmopolitan will not re-file the Subject Matter Jurisdiction Motion in this case.

These stipulations are made in agreement between Plaintiffs and the Cosmopolitan and are warranted because they conserve judicial and party resources by allowing for an efficient determination of common issues of law that exist in multiple related lawsuits. Plaintiffs reserve all rights to seek coordination or consolidation with respect to issues other than subject matter jurisdiction at a later date. Pursuant to the Agreement, filing of the Subject Matter Jurisdiction Motion does not constitute a waiver of any defense or argument and shall not preclude the Cosmopolitan from asserting any additional defenses or arguments at a later date, including,

///

///

///

without limitation, any defenses or motions permitted by Federal Rule of Civil Procedure 12(b) or a motion to compel arbitration.

Dated: February 26, 2018

WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN

/s/ Don Springmeyer
Don Springmeyer (NV Bar. 1021)
Bradley Schrager (NV Bar 10217)
3556 E. Russell Road, 2nd Floor
Las Vegas, NV 89120-2234

R. Bryant McCulley (admitted *pro hac*)
McCULLEY McCLUER PLLC
1022 Carolina Blvd., Suite 300
Charleston, SC 29451

Joshua T. Ripley (admitted *pro hac*)
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103

*Attorneys for Plaintiffs*
*Charles Bowes and David Kamsler*

Dated:  February 26, 2018

SNELL & WILMER L.L.P.

/s/ Alex L. Fugazzi
Alex L. Fugazzi (NV Bar No. 9022)
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169

Douglas C. Rawles (admitted *pro hac vice*)
Raffi Kassabian (admitted *pro hac vice*)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071

*Attorneys for Defendant*
*Nevada Property 1 LLC d/b/a*
*the Cosmopolitan of Las Vegas*

## ORDER

In light of the above stipulation, **IT IS HEREBY ORDERED** that the Motion to Consolidate, (ECF No. 4), is **DENIED without prejudice as moot**.  The Court grants the parties leave to refile the consolidation motion within thirty (30) days of Judge Gordon resolving the Subject Matter Jurisdiction question in the related case.  The Court further notes that it remains under a continuing duty to independently evaluate subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).

Dated: March 2, 2018

_____
Gloria M. Navarro, Chief Judge
UNITED STATES DISTRICT COURT

4832-1072-7518

# EXHIBIT 1

Agreement

1　Thomas H. Fell, Esq. (SBN 3717)
　　John D. Tennert, Esq. (SBN 11728)
2　FENNEMORE CRAIG, P.C.
　　300 S. Fourth St., Suite 1400
3　Las Vegas, NV  89101
　　Tel:  (702) 692-8000
4　tfell@fclaw.com; jtennert@fclaw.com

5　*Attorneys for Defendants*

6　　　　　　　　**UNITED STATES DISTRICT COURT**
　　　　　　　　　　**DISTRICT OF NEVADA**
7

8　MARGARITA CABRAL, an individual, et al.,　　CASE NO.:  2:17-cv-02841-APG-VCF
　　on behalf of themselves and all others similarly
9　situated,　　　　　　　　　　　　　　　　　　　**STIPULATION AND [PROPOSED]**
　　　　　　　　　　　　Plaintiffs,　　　　　　　**ORDER TO:**
10
　　　　　　　　　　　　　　　　　　　　　　　　**(1) EXTEND THE DEADLINE TO**
11　　　　vs.　　　　　　　　　　　　　　　　　**RESPOND TO THE FIRST AMENDED**
　　　　　　　　　　　　　　　　　　　　　　　　**COMPLAINT (SECOND REQUEST) [ECF**
12　CAESARS ENTERTAINMENT　　　　　　**NO. 9];**
　　CORPORATION, a Delaware corporation, et
13　al.,　　　　　　　　　　　　　　　　　　　　**(2) SET A DEADLINE FOR**
　　　　　　　　　　　　Defendants.　　　　　　**DEFENDANTS TO FILE A MOTION TO**
14　　　　　　　　　　　　　　　　　　　　　　**DISMISS ON THE BASIS OF SUBJECT**
　　　　　　　　　　　　　　　　　　　　　　　　**MATTER JURISDICTION; AND**
15
　　　　　　　　　　　　　　　　　　　　　　　　**(3) STAY PLAINTIFFS' MOTION TO**
16　　　　　　　　　　　　　　　　　　　　　　**CONSOLIDATE [ECF NO 6.]**

17　　　　　　　　　　　　　　　　　　　　　　　　　　**-and-**

18　　　　　　　　　　　　　　　　　　　**REQUEST FOR STATUS CONFERENCE**

19
20　　　　　　On November 10, 2017, Margarita Cabral and numerous other named plaintiffs (the

21　"Plaintiffs") filed the instant case against Caesars Entertainment Corporation and related entities

22　(collectively, "Caesars") alleging that Caesars improperly applied Clark County, Nevada's

23　Combined Transient Lodging Tax to charges for internet access.  Subsequently, counsel for

24　Plaintiffs filed the following nine additional lawsuits (the "Subsequent Lawsuits") in this District

25　Court:

26　　　　　　　　•　*Phelps et al. v. MGM Resorts International et al.*, Case No. 2:17-cv-

27　　　　　　　　　　02848-APG-CWH (filed on November 13, 2017);

28

- *Martinez et al. v. Las Vegas Sands Corp. et al.*, Case No. 2:17-cv-02859-APG-NJK (filed on November 14, 2017);

- *Schnitzer et al. v. Wynn Resorts, Ltd. et al.*, Case No. 2:17-cv-02868-RFB-GWF (filed on November 15, 2017);

- *Bowes et al. v. Nevada Property 1 LLC*, Case No. 2:17-cv-02913-GMN-VCF (filed on November 20, 2017);

- *Chapman v. Penn National Gaming, Inc. et al.*, Case No. 2:17-cv-02924-GMN-PAL (filed on November 21, 2017);

- *Shapiro v. Treasure Island, LLC*, Case No. 2:17-cv-02930-APG-CWH (filed on November 22, 2017);

- *Inman v. Las Vegas Resort Holdings, LLC*, Case No. 2:17-cv-02950-JAD-NJK (filed on November 28, 2017);

- *DiNino v. Four Seasons Hotels Inc.*, Case No. 2:17-cv-2961-JAD-GWF (filed on November 29, 2017); and

- *Robinson v. Westgate Resorts Inc.*, Case No. 2:18-cv-95-JAD-CDH (filed on January 17, 2018).

Each of the lawsuits filed by counsel for Plaintiffs (collectively, the "Resort Fee Lawsuits") contains virtually identical allegations and requests for relief. Each case will also likely involve a similar determination of whether the adjudicating court has subject matter jurisdiction over the action. Federal Rule of Civil Procedure 42 allows for the consolidation of multiple cases for the limited purpose of resolving common questions of law, including a determination of subject matter jurisdiction. *See* Fed. R. Civ. 42(a)(1); *see also Beddoe v. United States*, 1993 WL 134827, at *1 (E.D. Cal. Feb. 2, 1993) (consolidating cases under Rule 42(a) for the purpose of evaluating subject matter jurisdiction).

In an effort to avoid duplicative legal briefing and to efficiently address the common issue of subject matter jurisdiction, the parties to the Resort Fee Lawsuits have entered into a separate agreement (the "Agreement"), attached hereto as **Exhibit 1**. The purpose of the Agreement is to consolidate the lawsuits currently before Judge Gordon for the limited purpose

2

of determining subject matter jurisdiction so that this Court's ruling on that issue may be imputed to all of the Resort Fee Lawsuits. In order to address the issue of subject matter jurisdiction in an efficient manner, the Agreement sets forth that the defendants to the Resort Fee Lawsuits shall coordinate to present a single motion to dismiss on the basis of subject matter jurisdiction (the "Subject Matter Jurisdiction Motion"). The Subject Matter Jurisdiction Motion will be filed by Caesars in the instant case.

Pursuant to the Agreement, Plaintiffs and Caesars, by and through their undersigned counsel, hereby stipulate that:

1. The current deadline of February 14, 2018 for Caesars to file responses to Plaintiffs' First Amended Complaint (ECF No. 9) shall be extended to 30 days from the date that this Court issues a final ruling on the Subject Matter Jurisdiction Motion;

2. The deadline for Caesars to file the Subject Matter Jurisdiction Motion in the instant case shall be March 14, 2018;

3. Plaintiffs' Motion to Consolidate (ECF No. 6) shall be stayed until 30 days from the date that this Court issues a final ruling on the Subject Matter Jurisdiction Motion; and

4. The instant case shall be consolidated with the Subsequent Lawsuits currently before Judge Gordon, Case Nos. 2:17-cv-02841, 2:17-cv-02848, 2:17-cv-02859, and 2:17-cv-02930, for the limited purpose of determining the Subject Matter Jurisdiction Motion. At this time, Plaintiffs and Caesars do not stipulate to consolidate for any other determination or purpose.

These stipulations are made in agreement between Plaintiffs and Caesars and are warranted because they conserve judicial and party resources by allowing for an efficient determination of common issues of law that exist in multiple related lawsuits. Plaintiffs reserve all rights to seek coordination or consolidation with respect to issues other than subject matter jurisdiction at a later date. Pursuant to the Agreement, filing of the Subject Matter Jurisdiction Motion does not constitute a waiver of any defense or argument and shall not preclude Caesars

3

1 from asserting any additional defenses or arguments at a later date, including, without limitation,

2 any defenses or motions permitted by Federal Rule of Civil Procedure 12(b). The parties to the

3 Resort Fee Lawsuits reserve their rights regarding arbitration.

4      Plaintiffs and Caesars also respectfully request a status conference on a date chosen by

5 the Court to facilitate the stipulations and legal briefing set forth in the Agreement and above.

6      DATED: February 14, 2018.

7 **FENNEMORE CRAIG, P.C.**          **WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP**

8

9 By: ___/s/ John D. Tennert___          
    Thomas H. Fell, Esq. (SBN 3717)       By: ___/s/ Don Springmeyer___

10     John D. Tennert, Esq. (SBN 11728)      Don Springmeyer, Esq. (SBN 1021)
    300 S. Fourth St., Suite 1400         Bradley Schrager, Esq. (SBN 10217)
    Las Vegas, NV 89101            3556 E. Russell Road, 2nd Floor

11     Tel: (702) 692-8000              Las Vegas, NV 89120-2234
    tfell@fclaw.com                Tel: (702) 341-5200

12     jtennert@fclaw.com            dspringmeyer@wrslawyers.com
                           bschrager@wrslawyers.com

13 *Attorneys for Defendants*

14                                *Attorneys for Plaintiffs*

15 <u>**ORDER**</u>

16 **IT IS SO ORDERED.**

17

18 _____
    UNITED STATES MAGISTRATE JUDGE

19     DATED: _____

20

21

22

23

24

25

26

27

28

# CERTIFICATE OF SERVICE

Pursuant to F.R.C.P. 5(b) and Electronic Filing Procedure IV(B), I certify that on February 14, 2018, a true and correct copy of the **STIPULATION AND [PROPOSED] ORDER TO: (1) EXTEND THE DEADLINE TO RESPOND TO THE FIRST AMENDED COMPLAINT (Second Request) [ECF NO. 9]; (2) SET A DEADLINE FOR DEFENDANTS TO FILE A MOTION TO DISMISS ON THE BASIS OF SUBJECT MATTER JURISDICTION; AND (3) STAY PLAINTIFFS' MOTION TO CONSOLIDATE [ECF NO 6.] and REQUEST FOR STATUS CONFERENCE** was transmitted electronically through the Court's e-filing electronic notice system to the attorney(s) associated with this case. If electronic notice is not indicated through the court's e-filing system, then a true and correct paper copy of the foregoing document was delivered via U.S. Mail.

Michael Dell'Angelo, Esq.
Berger & Montague, P.C.
1622 Locust St.
Philadelphia, PA 19103
mdellangelo@bm.net
*Attorneys for Plaintiffs*

R. Bryant McCulley, Esq.
McCulley McCluer PLLC
1022 Carolina Blvd., Suite 300
Charleston, SC 29451
bmcculley@mcculleymccluer.com
*Attorneys for Plaintiffs*

Don Springmeyer, Esq.
Bradley Schrager, Esq.
Wolf, Rifkin, Shapiro, Schulman
    & Rabkin, LLP
3556 E. Russell Road, 2nd Floor
Las Vegas, NV 89120-2234
Tel: (702) 341-5200
dspringmeyer@wrslawyers.com
bschrager@wrslawyers.com
*Attorneys for Plaintiffs*

/s/ Pamela Carmon
An Employee of Fennemore Craig, P.C.

13665376

5

1

## **EXHIBIT INDEX**

2

3

| DESCRIPTION | EXHIBIT |
|---|---|
| Final Agreement In Support of Subject Matter Jurisdiction Motion | 1 |
| | |
| | |
| | |

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13665376

# Exhibit 1

Agreement Among the Parties
Re: Case Consolidation for the Purpose of
Determining Subject Matter Jurisdiction

# Exhibit 1

## AGREEMENT AMONG THE PARTIES REGARDING CASE CONSOLIDATION FOR THE PURPOSE OF DETERMINING SUBJECT MATTER JURISDICTION

On November 10, 2017, Margarita Cabral and numerous other named plaintiffs (the "Plaintiffs") brought Case No. 2:17-cv-02841-APG-VCF in the United States District Court for the District of Nevada alleging that Caesars Entertainment Corporation and related entities (collectively, "Caesars") improperly applied Clark County, Nevada's Combined Transient Lodging Tax to charges for internet access. Subsequently, counsel for Plaintiffs filed the following nine additional lawsuits (the "Subsequent Lawsuits") in the same federal district court:

- *Phelps et al. v. MGM Resorts International et al.*, Case No. 2:17-cv-02848-APG-CWH (filed on November 13, 2017);

- *Martinez et al. v. Las Vegas Sands Corp. et al.*, Case No. 2:17-cv-02859-APG-NJK (filed on November 14, 2017);

- *Schnitzer et al. v. Wynn Resorts, Ltd. et al.*, Case No. 2:17-cv-02868-RFB-GWF (filed on November 15, 2017);

- *Bowes et al. v. Nevada Property 1 LLC*, Case No. 2:17-cv-02913-GMN-VCF (filed on November 20, 2017);

- *Chapman v. Penn National Gaming, Inc. et al.*, Case No. 2:17-cv-02924-GMN-PAL (filed on November 21, 2017);

- *Shapiro v. Treasure Island, LLC*, Case No. 2:17-cv-02930-APG-CWH (filed on November 22, 2017);

- *Inman v. Las Vegas Resort Holdings, LLC*, Case No. 2:17-cv-02950-JAD-NJK (filed on November 28, 2017);

- *DiNino v. Four Seasons Hotels Inc.*, Case No. 2:17-cv-2961-JAD-GWF (filed on November 29, 2017); and

- *Robinson v. Westgate Resorts Inc.*, Case No. 2:18-cv-95-JAD-CDH (filed on January 17, 2018).

Each of the complaints filed by counsel for Plaintiffs (collectively, the "Resort Fee Lawsuits") contains virtually identical allegations and requests for relief. Each case will also likely involve a similar determination of whether the adjudicating court has subject matter jurisdiction over the action. In an effort to avoid duplicative legal briefing and efficiently address the common issue of subject matter jurisdiction, the parties to the Resort Fee Lawsuits, by and through their undersigned counsel, hereby agree as follows:

1. The parties in each of the Subsequent Lawsuits shall file a stipulation to stay their respective cases pending a determination by the court in Case No. 2:17-cv-02841-APG-VCF, or by a court resolving this issue on appeal, of whether the Court may exercise subject matter jurisdiction over Plaintiffs' claims.

2. The parties in each of the Resort Fee Lawsuits before Judge Andrew Gordon, Case Nos. 2:17-cv-02841, 2:17-cv-02848, 2:17-cv-02859, and 2:17-cv-02930, shall stipulate to consolidate those cases for the limited purpose of determining subject matter jurisdiction. At this time, the parties do not agree to consolidate the Resort Fee Lawsuits for any other determination or purpose.

3. Caesars shall coordinate with defendants in the Subsequent Lawsuits to present a single motion to dismiss on the basis of subject matter jurisdiction (the "Subject Matter Jurisdiction Motion") that shall be filed by Caesars in Case No. 2:17-cv-02841-APG-VCF.

4. Caesars and Plaintiffs shall stipulate to stay the Motion to Consolidate filed November 30, 2017 in Case No. 2:17-cv-02841-APG-VCF. (ECF No. 6), until 30 days from the date that Judge Gordon issues a final ruling on the Subject Matter Jurisdiction Motion.

5. Filing of the Subject Matter Jurisdiction Motion in Case No. 2:17-cv-02841-APG-VCF does not constitute a waiver of any defense or argument and shall not preclude Caesars or defendants in the Subsequent Lawsuits from asserting any additional defenses or arguments at a later date, including, without

limitation, any defenses or motions permitted by Federal Rule of Civil Procedure 12(b). The parties to the Resort Fee Lawsuits reserve their rights regarding arbitration.

6. Caesars and Plaintiffs shall file a stipulation providing that the deadline for filing the Subject Matter Jurisdiction Motion in Case No. 2:17-cv-02841-APG-VCF shall be March 14, 2018.

7. The parties in each of the Resort Fee Lawsuits shall file a stipulation providing that the current deadline to respond to the operative complaint or to file motions to dismiss shall be extended to 30 days from the date that Judge Gordon issues a final ruling on the Subject Matter Jurisdiction Motion.

8. The parties in each of the Subsequent Lawsuits not before Judge Gordon shall file a stipulation providing that plaintiffs in each of the Subsequent Lawsuits not before Judge Gordon will either voluntarily dismiss their respective complaints, or stay those cases pending appeal, should plaintiffs choose to appeal, if Judge Gordon grants the Subject Matter Jurisdiction Motion.

9. The parties in each of the Subsequent Lawsuits not before Judge Gordon shall file a stipulation providing that, if Judge Gordon denies the Subject Matter Jurisdiction Motion, defendants will not re-file the Subject Matter Jurisdiction Motion in their respective cases.

10. In the event a court denies or modifies a stipulation to stay provided for in paragraph 1 or a stipulation to consolidate provided for in paragraph 2, the parties to such lawsuit shall meet and confer to determine how to proceed in that case. The denial or modification of any stipulation in one of the Subsequent Lawsuits shall not alter the parties' obligations under paragraphs 1 and 2 in any other Subsequent Lawsuit.

This Agreement may be executed in counterparts and shall be deemed executed when counterparts of this Agreement have been executed by all the parties; such

counterparts taken together shall be deemed to be the Agreement.

**WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP**

By: _____
    Don Springmeyer, Esq. (SBN 1021)
    Bradley Schrager, Esq. (SBN 10217)
    3556 E. Russell Road, 2nd Floor
    Las Vegas, NV  89120-2234
    Tel:  (702) 341-5200
    dspringmeyer@wrslawyers.com
    bschrager@wrslawyers.com

*Attorneys for Plaintiffs*

**FENNEMORE CRAIG, P.C.**

By: _____
    Thomas H. Fell, Esq. (SBN 3717)
    John D. Tennert, Esq. (SBN 11728)
    300 S. Fourth St., Suite 1400
    Las Vegas, NV  89101
    Tel:  (702) 692-8000
    tfell@fclaw.com
    jtennert@fclaw.com

*Attorneys for Caesars*

**SNELL & WILMER, L.L.P.**

By: _____
    Alex L. Fugazzi, Esq. (SBN 9022)
    3883 Howard Hughes Parkway
    Suite 1100
    Las Vegas, NV  89169
    Tel:  (702) 784-5202
    afugazzi@swlaw.com

    Douglas C. Rawles (*pro hac vice pending*)
    Raffi Kassabian (*pro hac vice pending*)
    REED SMITH LLP
    355 South Grand Avenue, Suite 2900
    Los Angeles, CA 90071

*Attorneys for*
*Nevada Property 1 LLC*
*d/b/a  the Cosmopolitan of Las Vegas*

**GREENBERG TRAURIG, LLP**

By: _____
    Donald Prunty, Esq. (SBN 8230)
    Suite 400 North
    3773 Howard Hughes Parkway
    Las Vegas, NV  89169
    Tel:  (702) 938-6890
    PruntyD@gtlaw.com

*Attorneys for Sands Properties*

counterparts taken together shall be deemed to be the Agreement.

**WOLF, RIFKIN, SHAPIRO, SCHULMAN**
**& RABKIN, LLP**

By: _____
    Don Springmeyer, Esq. (SBN 1021)
    Bradley Schrager, Esq. (SBN 10217)
    3556 E. Russell Road, 2nd Floor
    Las Vegas, NV 89120-2234
    Tel: (702) 341-5200
    dspringmeyer@wrslawyers.com
    bschrager@wrslawyers.com

    *Attorneys for Plaintiffs*

**FENNEMORE CRAIG, P.C.**

By: _____
    Thomas H. Fell, Esq. (SBN 3717)
    John D. Tennert, Esq. (SBN 11728)
    300 S. Fourth St., Suite 1400
    Las Vegas, NV 89101
    Tel: (702) 692-8000
    tfell@fclaw.com
    jtennert@fclaw.com

    *Attorneys for Caesars*

**SNELL & WILMER, L.L.P.**

By: _____
    Alex L. Fugazzi, Esq. (SBN 9022)
    3883 Howard Hughes Parkway
    Suite 1100
    Las Vegas, NV 89169
    Tel: (702) 784-5202
    afugazzi@swlaw.com

    Douglas C. Rawles *(pro hac vice pending)*
    Raffi Kassabian *(pro hac vice pending)*
    REED SMITH LLP
    355 South Grand Avenue, Suite 2900
    Los Angeles, CA 90071

    *Attorneys for*
    *Nevada Property 1 LLC*
    *d/b/a the Cosmopolitan of Las Vegas*

**GREENBERG TRAURIG, LLP**

By: _____
    Donald Prunty, Esq. (SBN 8230)
    Suite 400 North
    3773 Howard Hughes Parkway
    Las Vegas, NV 89169
    Tel: (702) 938-6890
    PruntyD@gtlaw.com

    *Attorneys for Sands Properties*

counterparts taken together shall be deemed to be the Agreement.

**WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP**

By: _____
    Don Springmeyer, Esq. (SBN 1021)
    Bradley Schrager, Esq. (SBN 10217)
    3556 E. Russell Road, 2nd Floor
    Las Vegas, NV 89120-2234
    Tel: (702) 341-5200
    dspringmeyer@wrslawyers.com
    bschrager@wrslawyers.com

    *Attorneys for Plaintiffs*

**FENNEMORE CRAIG, P.C.**

By: _____
    Thomas H. Fell, Esq. (SBN 3717)
    John D. Tennert, Esq. (SBN 11728)
    300 S. Fourth St., Suite 1400
    Las Vegas, NV 89101
    Tel: (702) 692-8000
    tfell@fclaw.com
    jtennert@fclaw.com

    *Attorneys for Caesars*

**SNELL & WILMER, L.L.P.**

By: _____
    Alex L. Fugazzi, Esq. (SBN 9022)
    3883 Howard Hughes Parkway
    Suite 1100
    Las Vegas, NV 89169
    Tel: (702) 784-5202
    afugazzi@swlaw.com

    Douglas C. Rawles
    *(Admitted Pro Hac Vice)*
    Raffi Kassabian
    *(Admitted Pro Hac Vice)*
    REED SMITH LLP
    355 South Grand Avenue, Suite 2900
    Los Angeles, CA 90071

    *Attorneys for*
    *Nevada Property 1 LLC*
    *d/b/a the Cosmopolitan of Las Vegas*

**GREENBERG TRAURIG, LLP**

By: _____
    Donald Prunty, Esq. (SBN 8230)
    Suite 400 North
    3773 Howard Hughes Parkway
    Las Vegas, NV 89169
    Tel: (702) 938-6890
    PruntyD@gtlaw.com

    *Attorneys for Sands Properties*

counterparts taken together shall be deemed to be the Agreement.

**WOLF, RIFKIN, SHAPIRO, SCHULMAN**
**& RABKIN, LLP**

By: _____
    Don Springmeyer, Esq. (SBN 1021)
    Bradley Schrager, Esq. (SBN 10217)
    3556 E. Russell Road, 2nd Floor
    Las Vegas, NV 89120-2234
    Tel: (702) 341-5200
    dspringmeyer@wrslawyers.com
    bschrager@wrslawyers.com

    *Attorneys for Plaintiffs*

**FENNEMORE CRAIG, P.C.**

By: _____
    Thomas H. Fell, Esq. (SBN 3717)
    John D. Tennert, Esq. (SBN 11728)
    300 S. Fourth St., Suite 1400
    Las Vegas, NV 89101
    Tel: (702) 692-8000
    tfell@fclaw.com
    jtennert@fclaw.com

    *Attorneys for Caesars*

**SNELL & WILMER, L.L.P.**

By: _____
    Alex L. Fugazzi, Esq. (SBN 9022)
    3883 Howard Hughes Parkway
    Suite 1100
    Las Vegas, NV 89169
    Tel: (702) 784-5202
    afugazzi@swlaw.com

    Douglas C. Rawles *(pro hac vice pending)*
    Raffi Kassabian *(pro hac vice pending)*
    REED SMITH LLP
    355 South Grand Avenue, Suite 2900
    Los Angeles, CA 90071

    *Attorneys for*
    *Nevada Property 1 LLC*
    *d/b/a the Cosmopolitan of Las Vegas*

**GREENBERG TRAURIG, LLP**

By: _____
    Donald Prunty, Esq. (SBN 8230)
    Suite 400 North
    3773 Howard Hughes Parkway
    Las Vegas, NV 89169
    Tel: (702) 938-6890
    PruntyD@gtlaw.com

    *Attorneys for Sands Properties*

**PISANELLI BICE PLLC**

By: _____

    Todd L. Bice, Esq. (SBN 4534)
    Robert A. Ryan, Esq. (SBN 12084)
    400 South 7th Street, Suite 300
    Las Vegas, NV 89101
    Tel: (702) 214-2108
    tlb@pisanellibice.com
    rr@pisanellibice.com

    *Attorneys for*
    *the Wynn Parties (17-02868) and the*
    *MGM Parties (17-02848 and 17-02961)*

**GREENSPOON MARDER LLP**

By: _____

    Richard W. Epstein, Esq. (Florida Bar
    #No. 229091) *(pro hac vice pending)*
    200 East Broward Boulevard, Suite 1800
    Fort Lauderdale, FL 33301
    Tel: (954) 491-1120
    richard.epstein@gmlaw.com

    *Attorneys for Westgate*

**BALLARD SPAHR LLP**

By: _____

    Joel Tasca, Esq. (SBN 14124)
    Lindsay Demaree, Esq. (SBN 11949)
    Russell Burke, Esq. (SBN 12710)
    One Summerlin
    1980 Festival Plaza Drive, Suite 900
    Las Vegas, NV 89135-2958
    Tel: (702) 868-7511
    tasca@ballardspahr.com
    demareel@ballardspahr.com

    *Attorneys for Penn National Gaming,*
    *Inc., Tropicana Los Vegas Hotel and*
    *Casino, Inc., Tropicana Las Vegas, Inc.,*
    *Treasure Island, LLC, and Ruffin*
    *Acquisition, LLC*

**PISANELLI BICE PLLC**

By: _____
     Todd L. Bice, Esq. (SBN 4534)
     Robert A. Ryan, Esq. (SBN 12084)
     400 South 7th Street, Suite 300
     Las Vegas, NV  89101
     Tel:  (702) 214-2108
     tlb@pisanellibice.com
     rr@pisanellibice.com

*Attorneys for*
*the Wynn Parties (17-02868) and the*
*MGM Parties (17-02848 and 17-02961)*

**GREENSPOON MARDER LLP**

By: _____
     Richard W. Epstein, Esq. (Florida Bar
     #No. 229091) *(pro hac vice pending)*
     200 East Broward Boulevard, Suite 1800
     Fort Lauderdale, FL 33301
     Tel:  (954) 491-1120
     richard.epstein@gmlaw.com

*Attorneys for Westgate*

**BALLARD SPAHR LLP**

By: _____
     Joel Tasca, Esq. (SBN 14124)
     Lindsay Demaree, Esq. (SBN 11949)
     Russell Burke, Esq. (SBN 12710)
     One Summerlin
     1980 Festival Plaza Drive, Suite 900
     Las Vegas, NV 89135-2958
     Tel:  (702) 868-7511
     tasca@ballardspahr.com
     demareel@ballardspahr.com

*Attorneys for Penn National Gaming,*
*Inc., Tropicana Los Vegas Hotel and*
*Casino, Inc., Tropicana Las Vegas, Inc.,*
*Treasure Island, LLC, and Ruffin*
*Acquisition, LLC*

**PISANELLI BICE PLLC**

By: _____
    Todd L. Bice, Esq. (SBN 4534)
    Robert A. Ryan, Esq. (SBN 12084)
    400 South 7th Street, Suite 300
    Las Vegas, NV  89101
    Tel:  (702) 214-2108
    tlb@pisanellibice.com
    rr@pisanellibice.com

*Attorneys for*
*the Wynn Parties (17-02868) and the*
*MGM Parties (17-02848 and 17-02961)*

**GREENSPOON MARDER LLP**

By: _____
    Richard W. Epstein, Esq. (Florida Bar
    #No. 229091) *(pro hac vice pending)*
    200 East Broward Boulevard, Suite 1800
    Fort Lauderdale, FL 33301
    Tel:  (954) 491-1120
    richard.epstein@gmlaw.com

*Attorneys for Westgate*

**BALLARD SPAHR LLP**

By: _____
    Joel Tasca, Esq. (SBN 14124)
    Lindsay Demaree, Esq. (SBN 11949)
    Russell Burke, Esq. (SBN 12710)
    One Summerlin
    1980 Festival Plaza Drive, Suite 900
    Las Vegas, NV 89135-2958
    Tel:  (702) 868-7511
    tasca@ballardspahr.com
    demareel@ballardspahr.com

*Attorneys for Penn National Gaming,*
*Inc., Tropicana Los Vegas Hotel and*
*Casino, Inc., Tropicana Las Vegas, Inc.,*
*Treasure Island, LLC, and Ruffin*
*Acquisition, LLC*